Filed 6/16/22 P. v. Embry CA5
Opinion following transfer from Supreme Court

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MONTY DUAL EMBRY, <br><br> Defendant and Appellant. | F080697 <br><br> (Super. Ct. No. 0BF160677A) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. John R. Brownlee, Judge.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

This matter is before us for reconsideration following the California Supreme Court's recent decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).

Defendant Monty Dual Embry was charged, in part, with the murder of Darrelle Robertson and assault with a firearm on Robertson's girlfriend, J.W. With respect to the murder count, it was alleged he personally and intentionally discharged a firearm, which proximately caused great bodily injury to another person (Pen. Code, § 12022.53(d)).[1] With respect to the assault count, it was alleged he personally used a firearm (§ 12022.5, subd. (a)). The jury convicted him of second degree murder and assault with a firearm and found the enhancements true. In a bifurcated proceeding, the trial court also found true a prior serious felony enhancement allegation (§ 667, subd. (a)(1)). Embry was sentenced to an aggregate term of 83 years to life in prison.

While Embry's first appeal was pending, Senate Bill Nos. 620 and 1393 were enacted, giving trial courts discretion to strike or dismiss section 12022.5 and 12022.53 enhancements and prior serious felony enhancements, respectively. (Stats. 2017, ch. 682, §§ 1, 2; Stats. 2018, ch. 1013, §§ 1, 2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 965, 971.) We affirmed his conviction but vacated his sentence and remanded the case for the trial court to consider striking or dismissing the firearm enhancements and the prior serious felony enhancement. Subsequently, the trial court declined to strike or dismiss any of the enhancements and reimposed the original sentence.

In his second appeal, Embry claimed the trial court was unaware of its discretion to substitute, for the section 12022.53(d) enhancement, a different enhancement within the same section (§ 12022.53b) or (c)). The only section 12022.53 enhancement charged and found true by the jury was subdivision (d). In an unpublished opinion filed June 23, 2021, a majority of this court, with Justice Franson dissenting, concluded that although the trial court had the discretion to strike or dismiss that enhancement pursuant to

---

[1] All statutory references are to the Penal Code. For clarity, we omit the word "subdivision" when citing to section 12022.53.

sections 1385 and 12022.53(h), it did not have the discretion to substitute another enhancement for it. (*People v. Embry* (Jun. 23, 2021, F080697) [nonpub. opn.].)

The California Supreme Court granted review of our opinion; issued *Tirado*, which held that "the statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead" (*Tirado, supra*, 12 Cal.5th at p. 692); directed us to vacate our June 23, 2021, opinion; and transferred this case back to us for reconsideration in light of *Tirado*.

We subsequently entered an order vacating the June 2021 opinion and the parties filed supplemental briefing. Embry contends, and the People concede, remand for a new sentencing hearing is necessary so the trial court may consider whether to impose a lesser uncharged enhancement under section 12022.53. (*Tirado, supra,* 12 Cal.5th at p. 692.) Embry also contends, and the People do not offer any opposition, the matter must be remanded for resentencing consistent with Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3).

We vacate Embry's sentence and remand for resentencing in accordance with *Tirado, supra,* 12 Cal.5th 688 and Senate Bill No. 567.

## BACKGROUND

A detailed discussion of the facts is unnecessary to our resolution of the appeal. Briefly, Darelle Robertson was found dead in an alley behind the home of his aunt, T.S., a close friend of Embry's. Robertson had been shot once in his upper left back. It was undisputed that Embry, who was visiting T.S., shot Robertson after numerous confrontations between the two that preceded the shooting. Robertson's girlfriend, J.W., happened to be in the vicinity of the shooting.

Robertson, who did not like Embry, aggressively initiated the confrontations. He stood at six foot four, weighed 275 pounds, and was approximately 35 years old. He had a blood alcohol content of .263 at the time of his death. Embry was 60 years old,

3.

weighed 180 pounds, and was recovering from rotator cuff surgery and therefore only had the full use of one arm when he shot Robertson. Embry attempted to turn himself in prior to his arrest.

Embry was charged with premeditated murder (Darrelle Robertson); attempted murder (J.W.); assault with a firearm (J.W.); reckless discharge of a firearm; and misdemeanor carrying a concealed weapon in a vehicle. (§§ 187, subd. (a), 664/187, subd. (a), 245, subd. (a)(2), 246.3, subd. (a), 25400, subd. (a)(1).) Various firearm enhancements were attached to the charges of murder (§ 12022.53(d)), attempted murder (§§ 12022.5, subd. (a), 12022.53(c)), and assault with a firearm (§ 12022.5, subd (a)). The information further alleged Embry had suffered a prior "serious felony" and "strike" conviction for battery in 1986 (§§ 667, subds. (a) and (c)—(j), 1170.12, subds. (a)—(e), 243, subd. (d)).

A jury convicted Embry of the second-degree murder of Darrelle Robertson and found true the attached gun enhancement. The jury acquitted Embry of the attempted murder of J.W. but convicted him of assault with a firearm with respect to J.W.; the jury also found true the gun enhancement attached to the assault charge. Finally, the jury convicted Embry of reckless discharge of a firearm and misdemeanor carrying a concealed weapon in a vehicle. In a bifurcated proceeding, the court found true the allegation Embry had suffered a prior serious felony and strike conviction for battery in 1986. (§§ 242/243.)

Embry was sentenced to an aggregate term of 83 years to life in prison. He was sentenced to 15 years to life for the second-degree murder conviction, doubled because of the prior battery strike conviction, plus five years for the prior battery serious felony conviction, along with 25 years for the associated gun enhancement, for a total of 60 years on this count. He was also sentenced to the upper term of four years for the assault-with-a-firearm conviction, doubled on account of the prior battery strike conviction, plus five years for the prior battery serious felony conviction, along with

4.

10 years for the associated gun enhancement, for a total of 23 years on this count. On the reckless-discharge-of-a-firearm conviction, Embry was sentenced to the upper term of six years, which was stayed pursuant to section 654. Finally, Embry was sentenced to a concurrent term of one year on the misdemeanor conviction for carrying a concealed weapon in a vehicle.

## DISCUSSION

### I.    Section 12022.53 enhancement

Section 12022.53 creates three firearm enhancements: (1) a 25-year enhancement for "personally and intentionally discharg[ing] a firearm and proximately caus[ing] great bodily injury" (§ 12022.53(d)); (2) a 20-year enhancement for "personally and intentionally discharg[ing] a firearm" (but without proximately causing great bodily injury) (§ 12022.53(c)); and (3) a 10-year enhancement for "personally us[ing] a firearm" (§ 12022.53(b)). The trial court is vested with the discretion to "strike or dismiss an enhancement" it was "otherwise required to ... impose[ ]" "in the interest of justice pursuant to Section 1385" (§ 12022.53(h)), and to impose any enhancement so long as "the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact" (§ 12022.53(j)).

In *Tirado*, our Supreme Court explained the "statutory framework" of section 12022.53, as amended by Senate Bill No. 620, provides trial courts with the discretion to strike a firearm enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead. (*Tirado, supra,* 12 Cal.5th at p. 692.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado,* at p. 700.) "[T]he Legislature has permitted

5.

courts to impose the penalties under section 12022.53(b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Tirado,* at p. 702.)

*Tirado* decisively establishes that the trial court has the discretion to strike the section 12022.53(d) enhancement and impose a lesser enhancement under section 12022.53(b) or (c), since by finding the greater enhancement true the jury necessarily found true facts supporting the lesser enhancements. (See *Tirado, supra,* 12 Cal.5th at p. 700.) In addition, it is clear the court " 'proceeded with sentencing on the ... assumption it lacked [such] discretion' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425), since the court imposed the section 12022.53(d) enhancement with a short, single sentence: "That sentence [on the murder count] to be enhanced by 25 years to life, pursuant to Penal Code Section 12022.53(d) of the Penal Code." The People also concede the court was unaware of its sentencing discretion. And finally, the court did not "clearly indicate[ ]" it would have declined to impose one of the lesser enhancements even if it believed it had discretion to do so. (*McDaniels,* at p. 425.)

Therefore, a remand is required for the court to exercise its discretion as clarified by *Tirado, supra,* 12 Cal.5th 688. We express no opinion on how the court should do so. On remand, Embry is entitled to a full resentencing where the trial court will have the opportunity to revisit all prior sentencing decisions and sentence him anew. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424—425 (*Valenzuela*); *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).)

## II.     Senate Bill No. 567

After the Supreme Court remanded this case to us, we granted Embry's request for permission to file a separate supplemental brief on newly enacted Senate Bill No. 567 (SB 567). Embry filed a supplemental brief and the People elected not to file a responsive brief.

The Governor signed SB 567 into law, effective January 1, 2022, while this appeal was pending in the Supreme Court. SB 567, among other things, generally limits the trial court's ability to impose the upper term unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or by the court in a court trial. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) Evidence of the defendant's prior convictions, in the form of certified records of conviction, is an exception to this general rule and need not be submitted to a jury. (§ 1170, subd. (b)(3), added by Stats. 2021, ch. 731, § 1.3.) "These amendments apply retroactively to [Embry] because his conviction was not final when this legislation took effect." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

As relevant here, Embry was convicted of assault with a firearm (§ 245, subd. (a)(2)) on J.W. with the enhancement that he personally used a firearm during the commission of that crime (§ 12022.5, subd. (a)). Section 245, subdivision (a)(2), has a sentencing triad of two, three, or four years in prison. Section 12022.5, subdivision (a), has a triad of three, four, or 10 years. The trial court imposed the upper term of four years on the assault and the upper term of 10 years on the enhancement. On remand, the trial court is required to apply section 1170 as amended.[2]

## DISPOSITION

Embry's sentence is vacated and the matter is remanded for appropriate proceedings consistent with *People v. Tirado, supra,* 12 Cal.5th 688 and Senate Bill No. 567. Embry is entitled to a full resentencing on remand. (*Valenzuela, supra,*

---

[2] Embry argues in his supplemental briefing that the imposition of the upper term on the assault with a firearm count is now an unauthorized sentence under newly amended section 1170. We need not address this argument at this juncture.

7 Cal.5th at pp. 424—425; *Buycks, supra,* 5 Cal.5th at p. 893.)  We grant Embry's May 2, 2022, request for judicial notice.


                                                           SNAUFFER, J.

WE CONCUR:


POOCHIGIAN, Acting P.J.


FRANSON, J.

8.